IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RENEE CLINGERMAN, by and through ) <br> THOMAS CLINGERMAN, Guardian and Next Friend. ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF WICHITA, KANSAS, ) <br> Defendant. ) <br> _____) | Case No._____ <br><br> (Class Action) |

## CLASS ACTION COMPLAINT

**COMES NOW**, the Plaintiff, by and through her attorneys Mark T. Schoenhofer and Kurt P. Kerns, and for her causes of action against the defendant, states and alleges as follows:

### Introduction/Nature of Case

1) Competency to stand trial depends on whether an accused citizen has sufficient present ability to consult with her attorney with a reasonable degree of rational understanding—and whether she has a rational as well as factual understanding of the proceedings against her.

2) The conviction and jailing of mentally incompetent accused citizens, or the failure of a trial court to provide an adequate competency determination, violates those citizens' due process rights to a fair trial. The essential principle embodied in the Due Process Clause of the Fourteenth Amendment to the United States Constitution is this: The government may not deprive a person of a property right or a liberty interest without affording that person the opportunity to be heard in a meaningful way and at a meaningful time to avert a wrongful deprivation of that right or interest.

3) When a bona fide doubt about competence of an accused citizen is raised, the accused must be evaluated by a mental health professional. Based on that evaluation and other

information, the court is then obliged to make a determination of legal competency.

4) A trial court must grant either party's request for a determination of the accused's competency to stand trial if either party has a bona fide doubt as to the accused's competence. The court may also order a competency evaluation, if based on its own observations of the accused, it believes the accused is incompetent.

5) The City of Wichita Municipal Court does not, and has never ordered a psychological evaluation or held a hearing to determine the competency of an accused citizen, despite numerous mentally incompetent individuals throughout the history of the court passing through its doors. Despite instances of defense counsel raising a bona fide concern about the competency of an accused; despite instances of defense counsel admitting medical/psychiatric evidence of incompetency, and; despite the court raising its own concerns about a citizen's competency, Wichita Municipal Court has not and does not order a psychological evaluation to determine the mental competency of any accused appearing before it.

6) The City of Wichita Municipal Court forces mentally incompetent people to submit to trial or to enter a plea of guilty/no contest, despite their inability to consult with their attorney with a reasonable degree of rational understanding, and their lack of understanding of the proceedings against them. Likewise, the City of Wichita jails numerous mentally incompetent people before and after they are found guilty.

7) The City of Wichita Municipal Court has announced it has no means or methodology of determining competency, as there is no provision for competency evaluations in the City Code. The City's formal position is it does not have the ability to comply with Constitutional mandates.

8) Despite repeated objections over the years by defense counsel, the City of Wichita

Municipal Court has knowingly, deliberately and intentionally subjected mentally incompetent individuals to trial and/or a change of plea. Mentally incompetent citizens have been convicted, sentenced, and jailed despite mental defects and disorders, which render them incapable of understanding the nature and consequences of the proceedings against them or in assisting properly in their defense.

9) The actions, omissions and failures of the Defendant City of Wichita violated Plaintiff Renee Clingerman's Due Process rights under the Fifth and Fourteenth Amendments, and her rights to be free of cruel and unusual punishment under the Eighth Amendment. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff seeks damages (both actual and exemplary), injunctive relief, attorneys fees, and costs as a result of defendant's violations of her constitutional rights, and the rights of those members of the proposed classes.

10) Plaintiff Renee Clingerman was convicted in two municipal cases just this year despite her incompetence; and she was been wrongfully detained in jail for more than two months awaiting sentencing in both cases.

## Jurisdiction and Venue

11) This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1331, as one the Plaintiffs' claims against the Defendant involves a federal question.

12) Venue is proper in this District pursuant to 28 U.S.C. §1391(a).

## Parties

13) Thomas Clingerman is the father, guardian and conservator of Renee Clingerman, and brings this lawsuit on behalf of Renee Clingerman. Renee Clingerman is a resident of Wichita, Sedgwick County, Kansas.

14) Defendant City of Wichita is a municipal corporation and may be served with

process through its mayor, Brandon Whipple, 1st Floor, 455 N. Main, Wichita, Kansas 67202.

15) The mayor, city manager, the city council, and city clerk's office exercise the governing powers of the city of Wichita. At all times relevant to this action, the mayor, city manager, city council and city clerk were acting within their official capacity for the city of Wichita. City council is responsible for the appointment of all judges of the City of Wichita Municipal Court, and is responsible for the municipal court budget. City council is also responsible for promulgation of the City Code. City council has failed to allocate funds and the procedure for competency evaluations in the City of Wichita Municipal Court, despite clear constitutional requirements.

16) At all times relevant hereto, the Wichita Mayor, City Manager, Wichita City Council, City Clerk, Municipal Court Judges, and City Prosecutors were acting under color of law.

**Statement of Facts**

17) On May 16, 2023, Plaintiff Renee Clingerman was arrested and jailed for contempt of court. She served more than 2 months in jail awaiting sentencing in Municipal Court Case No. 2022-DR-1642 and Municipal Court Case No. 2023-CM-331.

18) On November 18, 2022, in Municipal Court Case No. 2022-DR-1642, Plaintiff Renee Clingerman pled guilty <u>as charged</u> to the offenses of Possession of Drug Paraphernalia and Petty Theft. No benefit of transitional plea bargaining is apparent in the record.

19) On March 20, 2023, in Municipal Court Case No. 2023-CM-331, Plaintiff Clingerman pled guilty as charged to Urinate in Public. No benefit of transitional plea bargaining is apparent in the record.[1]

---

[1] The City dismissed both cases following notice that Plaintiff was intending to file this lawsuit.

20) Plaintiff Clingerman was brought from jail to municipal court for sentencing in both cases on July 3, 2023.  Ms. Clingerman's attorney (Mr. Orr) expressed to the Court his concerns about her competency.  Mr. Orr advised the Court he had also had concerns at the time of the change of plea hearing, "but they had us proceed."  Mr. Orr also warned that he is "still having serious reservations about Miss Clingerman's competency to proceed at this time, and so I don't think ethically we can proceed on these, but we also can't order an evaluation."

21) The Court addressed the city prosecutor, and asked "And how does the city intend to get a competency evaluation for Miss Clingerman, <u>should the Court want one</u>?"  The Court's inquiry was somewhat curious, as the Court was obliged to "want a competency evaluation."

22)  The City responded: "That's ultimately the issue that we're faced with, Your Honor. You're in municipal court."

23)  Mr. Orr remarked: "They say the Court doesn't have the authority."

24) The Court agreed with defense counsel, adding: "Right. So I guess I'm asking the prosecutor's office -- I'm asking the law department how they intend to solve that problem?"

25) The Court and both attorneys were mistakenly under the impression that the Plaintiff had not yet changed her plea to guilty in case number 2023-CM-331. The Court inquired of Mr. Orr: "Okay. And so you're alleging in 22-CM-331that she is not competent?" Mr. Orr stated "correct."

26)  The Court then continued the two cases for one month, keeping Plaintiff in jail, in order to "give the city a chance to determine [its] position with regard to how to get a competency evaluation for Miss Clingerman."  The Court then noted its own observations of Renee Clingerman:  "I'm going to note for the record that Miss Clingerman has been responding

to internal stimuli since she's been sitting in the courtroom this morning, and there -- and so the Court also has concerns about her competency and would be concerned taking a plea this morning should Miss Clingerman want to do –"

27) Plaintiff pled guilty in both cases despite her incompetence, without the benefit of a mental evaluation or a competency hearing.  Plaintiff has been legally mentally incompetent for years.  The municipal court was provided with a competency evaluation from 2018, confirming that Plaintiff was found incompetent in the state of Washington.

28)   The evaluation report, dated 10/18/2018, was authored by Nathan S. Andrews, Psy.D..  Dr. Andrews opined that Ms. Clingerman suffered from Unspecified Schizphrenia Sepctrum and Stimulant Use Disorder.  Dr. Andrews described Ms. Clingerman as acutely psychotic, and unable to demonstrate a factual or rational understanding of her current legal situation. Andrews described Ms. Clingerman as internally preoccupied, explaining that Ms. Clingerman would respond to questions using the third person plural "we"--referring to her and Jesus.

29) During Dr. Andrews' competency evaluation of Plaintiff, Plaintiff Clingerman described the role of a prosecutor as "to convict Jesus." Asked to explain, Ms. Clingerman responded "we don't explain, me and Jesus."  Asked to describe her charges, Ms. Clingerman replied "we're still going to court."  Asked again, she replied "I know what we're charged with. We're not discussing.  We plead the Fifth."  Asked what she meant by "we", Ms. Clingerman stated "me and Jesus plead the Fifth."  Asked to describe the role of a jury, she stated "went to a jury one time, ended up leaving."  Ms. Clingerman could not describe the role of a jury, the role of other court room participants, what it means to testify, or what happens at trial.

30)   Plaintiff could not offer a rational plan for taking care of her basic physical and

health needs. Dr. Andrews recommended competency restoration treatment, including antipsychotic medication.

31) This report was provided to the City of Wichita Municipal Court July 3, 2023, by Mr. Orr, who reiterated his concerns that Ms. Clingerman is mentally incompetent. Plaintiff has since been evaluated by Marc Goodman, Ph.D. (August of 2023), and determined again to be presently incompetent.

32) Historically, the City of Wichita and its judges instruct all defense counsel that they must appeal the conviction of their incompetent clients in order to get a psychological evaluation, and a competency hearing. That is, all incompetent defendants must be found guilty in the City of Wichita Municipal Court in order to later be found incompetent in Sedgwick County District Court.

33) Many times, mentally incompetent defendants are represented by City Public Defenders, who do not appeal the conviction of their clients, and a competency evaluation is never completed. These defendants often serve lengthy jail sentences, and with each conviction, their criminal history grows, as does the risk of felony charges in the future based on extensive criminal histories.

**Knowledge of Misconduct**

34) Defendant City of Wichita, its Mayor, City Manager, Commissioners, City Clerk, Judges and Prosecutors had actual knowledge that the wrongs herein were committed and are being committed on a daily basis. The City knows and understands that it is obliged to learn and follow the Constitution and laws of this land. The City and its Judges and Prosecutors have known or should have known that for nearly 45 years the United States Supreme Court has held that the conviction of a legally incompetent defendant, or the failure of a trial court to provide an

adequate competency determination, violates an accused's due process rights to a fair trial. The City and its Judges and Prosecutors know or should know that Due Process demands a psychological evaluation to determine the competency of a defendant about whom there is a bona fide belief of incompetence.

35)   Instead of providing the funds and means for its Judges to order a competency evaluation for the accused who is believed to be incompetent, the Defendant City of Wichita instead created "Mental Health Court".  The "Mental Health Court" is not a program by which competency of a defendant is determined.  Instead, it is a program available to only select defendants <u>after</u> they are found guilty.  On its website, the Defendant City of Wichita in fact describes Mental Health Court as "an option in which the defendant can participate as an <u>alternative to conventional sentencing</u>."   In other words, the City's position has been "after we wrongfully and unconstitutionally convict you, we will try and address your mental health issues."

36)   On its website too, the Defendant City of Wichita acknowledges the increasing number of mentally ill defendants passing through its courts: "The number of persons with mental illness at the root of their offending behaviors has risen, and the criminal justice community is straining to keep up.  A large percentage of cases filed with the City of Wichita Municipal Court are mental health related offenses."  Regardless of its awareness, the city provides no means of determining the competency of that large number of offenders with "mental health related offenses".  The City judges have long been warned that the practice of convicting incompetent citizens is unconstitutional.  Certain City Judges have expressed their concern that the City's practice is unconstitutional.

**Deliberate Indifference**

37) **Actual Notice**.  Defendant City of Wichita had knowledge that the wrongs alleged herein were being committed. Motions, case law, arguments, and even private conversations with municipal court judges placed the City on Notice.  The deliberate indifference standard is met here, where defendant City of Wichita had actual notice that their actions or failures to act were substantially certain to result in a constitutional violation, and they nonetheless consciously or deliberately chose to disregard their wrongful conduct and the risk of harm resulting therefrom. There was a pattern of repeated unconstitutional behavior for decades, such that a violation of federal rights was a highly predictable or plainly obvious consequence of the defendants' actions or inactions including, but not limited to, the failure of the Municipal Court to order psychological evaluations of individuals believed to be incompetent; the failure of the Municipal Court to conduct competency hearings; the forcing of individuals whom the court and/or parties believed in good faith were incompetent to submit to trial or a change of plea; the jailing of individuals whom the court and/or the parties believed in good faith were incompetent.

**Deliberate Indifference and Custom/Policy/Practice/Culture of Misconduct**.

38) Defendant City of Wichita, Kansas and its Mayor, City Manager, Commissioners, Judges, and Prosecutors participated in the creation and allowance of a custom/policy/practice/culture of denying mentally incompetent individuals their due process rights to a fair trial. The denial of the Plaintiff's right to due process has resulted in unlawful convictions and cruel and unusual punishment to her.  By creating and allowing this misconduct by the Municipal Court for decades, Defendant City of Wichita, Kansas was deliberately indifferent to a substantial risk of harm to all incompetent citizens (including Plaintiff). Defendant City of Wichita, Kansas is likewise responsible and liable for the same actions, omissions, and failures of its Mayor, City Manager, Commissioners, Judges and Prosecutors.

39) Defendant City of Wichita, Kansas had the power and responsibility to prevent the misconduct that took place. It could have, and should have, done so by reasonable diligence. Instead, by knowingly, recklessly, and with deliberate indifference and callous disregard of Plaintiff's rights, it failed to take action. Defendant City of Wichita directly or indirectly, under color of law, approved or ratified the deprivation of Plaintiff's due process rights to a fair trial, and her rights to be free of cruel and unusual punishment.

### Affirmative Links–Responsibilities for Conduct.

40) Plaintiff asserts that there were affirmative links between the actions and omissions of Defendant City of Wichita and the actions and omissions and failures of its Mayor, City Manager, Commissioners, Judges and Prosecutors such that Defendant City of Wichita should be held liable for the actions and omissions and failures of each of these individuals, as they personally participated in and/or acquiesced in the Constitutional deprivations of which this complaint is made, thereby creating liability for themselves.

### Ratification.

41)  The actions and omissions of Defendant City of Wichita, Kansas constituted authorization and/or approval and/or ratification of the culture of depriving mentally incompetent individuals their due process rights to a fair trial.  The actions and omissions of Defendant City of Wichita, its Mayor, City Manager, Commissioners, Judges and Prosecutors actually support the violation of rights alleged herein. All of this gives rise to the liability and responsibility of Defendant City of Wichita, Kansas. The actions and omissions and failures of Defendant demonstrated deliberate indifference to the deprivation of the Due Process rights of mentally incompetent individuals, i.e., a fair trial and the right to be free of cruel and unusual punishment. The Municipal Court judges and prosecutors have a sufficiently culpable state of mind in that

they have actual knowledge that individuals about whom a bona fide belief of incompetency exists are forced to submit to trial or a change of plea without ever having a competency determination.

42) Accordingly, the City of Wichita is liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiff, including but not limited to unlawful deprivation of her Fifth and Fourth Amendment rights to Due Process of Law, and the Eighth Amendment prohibition against cruel and unusual punishment. Defendant's actions and omissions caused or contributed to Plaintiff suffering injuries and damages, all of which entitles her to an award from this Court for compensatory relief against the Defendant. Plaintiff specifically suffered deprivation of federal Constitutional rights and also – in connection therewith – loss of freedom, physical, emotional and mental injuries, pain and suffering, anxiety, fright, nervousness, indignity, insult, and loss of enjoyment of life. The injuries are severe, permanent, and progressive.

## Class Allegations

43) Pursuant to Fed. R. Civ. P. 23(a) and (b), Plaintiff Renee Clingerman seeks to certify two classes of individuals who in the preceding two years—like Plaintiff Renee Clingerman-- have been subjected to trial or forced to plead guilty/no contest without the Wichita Municipal Court first ordering a competency evaluation, despite the bona fide belief these individuals were incompetent to stand trial. The First Class, to which every member will belong, are individuals, like Plaintiff, whom have been deprived of their due process rights to a fair trial. The Second Class to which many members will belong, like Plaintiff, have been jailed in violation of the Eight Amendment's prohibition against cruel and unusual punishment.

44) Plaintiff seeks class certification based on Fed. R. Civ. P. 23(a) and (b). Plaintiff

believes the class she means to represent is so numerous that joinder of all members is impracticable. Thousands of defendants pass through the municipal court doors monthly, and; as the City has recognized, "a large percentage of cases filed with the City of Wichita Municipal Court are mental health related offenses."

45) A class action is the only practicable means by which Plaintiff and unknown members of the requested classes can challenge the City of Wichita's deprivation of their due process rights and rights against cruel and unusual punishment, and by which injunctive relief from the City's continued practice can be sought.

46) There are questions of law and fact common to members of both classes. In the first class, each individual was subjected to trial or forced to plead guilty/no contest without the Wichita Municipal Court first ordering a competency evaluation, despite the bona fide belief each individual was incompetent to stand trial. The claims of the Plaintiff are typical of the claims of this requested class. In the second class, each member—also a member of the first class—were jailed in violation of his/her right against cruel and unusual punishment. The claims of the Plaintiff are typical of the claims of this requested class.

47) The Plaintiff will fairly and adequately protect the interests of both classes.

48) As set forth below, this action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a). This action also meets the requirements of Fed. R. Civ. P. 23(b)(3).

49) **Numerosity:**  The actual size of each class is unknown by Plaintiff, but plainly meets the numerosity requirement, thereby making joinder impracticable. The City of Wichita itself acknowledged: "[t]he number of persons with mental illness at the root of their offending behaviors has risen, and the criminal justice community is straining to keep up." With such a

large number of mentally ill people appearing in municipal court, none of whom are taken off docket for a competency evaluation—and all of whom are subjected to trial or change of plea—the size of the classes are too numerous for joinder of all members.

50) **Commonality:** All persons comprising the first proposed class are equally entitled to the right to a fair trial, and each member of the proposed class was deprived of his/her right to fair trial.  Each member of the proposed class presented to court with a mental condition causing either the court or counsel, or both, to form a reasonable and bona fide belief that that member lacked sufficient present ability to consult with his/her attorney with a reasonable degree of rational understanding—and lacked a rational as well as factual understanding of the proceedings against him/her. **Common questions of law include**:

i) Does the Fifth Amendment Due Process Clause of the United States Constitution, made applicable to the state and municipal courts by way of the Fourteenth Amendment, mandate that the City of Wichita grant a request for a determination of an accused's competency to stand trial, and orders a psychological evaluation, when there is a bona fide belief the accused is incompetent?

ii) Is an individual denied his/her Due Process rights to a fair trial, if he/she is subjected to trial or forced to enter a change of plea when there is a reasonable and bona fide belief he/she is incompetent, and a psychological evaluation to determine the competency of that individual is never ordered by the court and a competency hearing is never held?

51) All persons comprising the second proposed class are equally entitled to the Eight Amendment right not to be subjected to cruel and unusual punishment, and each member of the proposed class was deprived of his/her right not to be subjected to cruel and unusual punishment. Each member of the proposed class presented to Court with a mental condition causing either the

court or counsel, or both, to form a reasonable and bona fide belief that that member lacked sufficient present ability to consult with his/her attorney with a reasonable degree of rational understanding—and lacked a rational as well as factual understanding of the proceedings against him/her. Upon a finding of guilty, the member then served a jail sanction. **Common questions of law include**:

    i) Is the Eight Amendment prohibition against cruel and unusual punishment violated when the City of Wichita convicts and then jails an incompetent individuals?

    52) **Typicality**: The claims of plaintiff are typical of the claims of both proposed classes as a whole. Plaintiff challenges the same abusive municipal court practice of trying people who are believed to be incompetent. Plaintiff suffers the same direct, irreparable loss, and countless individuals in the city will continue to suffer these losses until the city is enjoined of its unconstitutional practice. A ruling for Plaintiff in both classes will likewise benefit each member of both classes.

    53) **Adequacy**: Plaintiff will fairly and adequately represent the interests of both proposed classes she seeks to represent. Plaintiff does not have interests separate from or in conflict with those of the proposed classes.

    54) Rule 23(b)(3): Class action status under Rule 23(b)(3) is appropriate because the questions of law or fact predominate over any questions affecting only individual members, and that the class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**
(DUE PROCESS RIGHT TO FAIR TRIAL VIOLATION)

55) Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as fully set forth here.

56) Plaintiff asserts this claim on behalf of herself and the proposed First Class she seeks to represent.

57) Plaintiff also brings this claim on behalf of herself and the Second Class she seeks to represent.

58) The Fourteenth Amendment prohibits the trial of an incompetent criminal defendant. The United States Supreme Court has held that the conviction of a legally incompetent defendant, or the failure of a trial court to provide an adequate competency determination, violates the defendant's due process right to a fair trial.

59) The City of Wichita Municipal Court does not, and has never ordered a psychological evaluation or held a hearing to determine the competency of a defendant, despite numerous mentally incompetent defendants throughout the history of the Court passing through its doors. The City of Wichita's historic practice of finding incompetent people guilty of a crime(s) violates Due Process.

60) There is no important governmental or public interest that justifies the refusal of the City of Wichita to order a psychological evaluation and to hold a competency hearing when there is a bona fide belief a defendant is incompetent. The City of Wichita operates a court of law, without adhering to the Constitutional mandates of Due Process.

**SECOND CLAIM FOR RELIEF**
**FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**
(EIGHTH AMENDMENT PROHBITION VIOLATION)

60) Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as fully set forth here.

61) Plaintiff asserts this claim on behalf of herself and the proposed Second Class she seeks to represent.

62) The Eight Amendment of the United States Constitution prohibits cruel and unusual punishment.

63) The convicting and jailing of a mentally incompetent individual is cruel and unusual.

64) There is no important governmental or public interest that justifies the City's practice of jailing incompetent individuals who were tried while incompetent. The City of Wichita operates a Court of law, without adhering to the Constitutional mandates of the Eighth Amendment.

**WHEREFORE**, and by reason of the foregoing, Plaintiff, individually and on behalf of similarly situated others, by and through her undersigned counsel, prays for the following:

a) The Court assumes jurisdiction over this action;

b) The Court certifies a class under Rule 31(a) and (b)(3) related to the first claim of relief, represented by Plaintiff.

c) The Court certifies a class under Rule 31(a) and (b)(3) related to the second claim of relief, represented by Plaintiff.

d) The Court enjoins the Defendant from its abusive practice of trying people believed to be mentally incompetent.

e) The Court orders the City of Wichita to shut its doors if it cannot comply with the United States Constitution; namely, the municipal court must order a psychological evaluation and conduct a competency hearing for each and every defendant about whom there is a bona fide belief of incompetency, and if a defendant is found to be incompetent, that he/she shall not be subjected to trial or a change of plea until such time he/she becomes competent to stand trial.

f) The Court enjoins the Defendant from its abusive practice of not ordering a psychological evaluation and holding a competency hearing when there is a good faith belief a defendant is incompetent.

g) The Court orders the defendant to set aside the convictions of each member of the two classes and release each and every member who is in custody on the illegal convictions alone.

h) The Court orders the City of Wichita to reimburse court costs, fines, and related fees to each member of each class.

i) An award of compensatory damages in excess of $75,000.00.

j) An award of exemplary damages in excess of $75,000.00.

k) Attorney fees and expenses of the attorneys.

l) The costs of this action.

m) For such other and further relief as to the Court deems fair, reasonable, just and equitable.

Respectfully Submitted,

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Bar No. 15781
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax: 316-262-1787
Email: mydefensefirst@yahoo.com

And

/s/ Kurt P. Kerns
Kurt P. Kerns, Kan Bar No. 15028
328 N. Main

Wichita, Kansas 67202
316-265-5511
Fax: 316-265-4433
Email: kurtkerns@kernslawgroup.com

### REQUEST FOR TRIAL BY JURY

**COMES NOW** the Plaintiff and requests a trial by jury of twelve person on all issues herein joined above.

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781

### DESIGNATION OF PLACE OF TRIAL

**COMES NOW** the Plaintiff and designates Kansas City as the Place of trial .

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781