IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RENEE CLINGERMAN, by and Through THOMAS CLINGERMAN, Guardian and Next Friend,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WICHITA, KANSAS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 23-cv-2435-JWB-TJJ |

**MEMORANDUM AND ORDER**

      This matter is before the Court on Plaintiff's Motion for Leave to Amend and Supplement Complaint and Consolidate Proceedings (ECF No. 40). Plaintiff requests that the Court consolidate this action with two other actions pending against the same defendant, Case no. 2:23-cv-2520-JWB-TJJ, *Williams v. City of Wichita, Kansas,* ("*Williams* case") and Case no. 2:24-cv-2032-JWB-TJJ*, Thomas v. City of Wichita, Kansas*[1] ("*Thomas* case"), for the purposes of pretrial discovery and trial. Further, Plaintiff requests leave to file a Consolidated Amended Class Action Complaint, which combines the three actions into one action by adding Williams and Thomas as named plaintiffs in this case and adds four additional defendants. Defendant opposes the motion, arguing Plaintiff's proposed amended complaint fails to comply with D. Kan. Rule 15.1(a)(3) and is futile as to all newly named Defendants, and the Court should decline to exercise jurisdiction as to all Defendants under the *Younger* abstention doctrine. For reasons stated below, the Court grants Plaintiff's motion in part.

---

[1] For ease of reference, these three cases versus the City of Wichita will be referred to collectively herein as "the Subject Cases."

I.      **Factual and Procedural History**

Plaintiffs filed the Subject Cases alleging Defendant City of Wichita violated the Due Process Clause of the Constitution by failing to provide competency hearings in the face of bona fide doubts about the competence of Plaintiffs, accused citizens in City of Wichita criminal cases. Specifically, Plaintiffs allege they have been convicted, sentenced, and jailed despite mental defects and disorders which render them incapable of understanding the nature and consequences of the proceedings against them or in assisting properly in their defense in violation of the Fifth, Eighth, and Fourteenth Amendments of the Constitution. In the *Clingerman* action, the claims are alleged on behalf of a putative class of similarly situated individuals, while in the *Thomas* and *Williams* cases, the claims are alleged only on behalf of the single named plaintiff in each of those cases.

On March 4, 2024, the Court entered a Phase I Scheduling Order in the *Clingerman* case, setting a deadline of May 1, 2024, for the parties to file any motions for leave to join additional parties or to otherwise amend the pleadings.[2] On April 25, 2024, the Court granted Plaintiff an extension of time, until May 22, 2024, to file motions to amend and/or join additional parties. On June 2, 2024, Plaintiff filed this motion to amend and consolidate, seeking to combine the Subject Cases into a single case with one operative complaint and add the following four additional individual defendants, employed by the City of Wichita, in their official capacities: Robert Layton, City Manager; Nathan Emory, Municipal Court Administrator; Jennifer Jones, Municipal Court Judge; and Jennifer Magana, City Attorney.

---

[2] ECF No. 25.

**II.     Motion to Consolidate**

Plaintiff requests the Court consolidate the Subject Cases for the purposes of pretrial discovery and trial because all three actions share the same core issues of fact and law and consolidation would avoid unnecessary costs related to duplicative gathering and presentation of evidence. Defendant does not address the issue of consolidation.

Under Federal Rule of Civil Procedure 42(a)(2), the court may consolidate for trial or hearing any or all of the matters at issue in the actions if they involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[3] In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[4] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[5] In determining whether consolidation was appropriate, the Tenth Circuit has also considered: (1) whether the relief sought varies substantially between the actions at issue; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[6]

The Subject Cases involve common questions of law and fact and thus qualify for consolidation under Rule 42. These cases also seek similar relief and coordination of the pretrial proceedings and discovery would avoid duplication and conserve the resources of the parties and

---

[3] *Ryan Transp. Servs., Inc. v. Fleet Logistics, L.L.C.*, No. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[4] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[5] *Id.*

[6] *Shump*, 574 F.2d at 1344.

3

the Court. While these factors favor litigating these cases together for more efficient case management, the Court finds consolidation is not the appropriate vehicle to achieve that end.

> [Federal courts] regard as still authoritative what the Supreme Court said about consolidation a few years before Rule 42(a) was adopted: consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. The Supreme Court, in *Hall v. Hall*, in the course of exploring the history of consolidation in the United States, wrote that "[f]rom the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them."[7]

By proposing to file a Consolidated Amended Class Action Complaint, Plaintiff seeks to combine the Subject cases into a single action, making Clingerman, Williams, and Thomas each a named Plaintiff in this case. If the Court were to consolidate the three cases, each action would keep its distinct identity, and Plaintiffs Thomas and Williams could not be added into the class, or Plaintiffs Thomas and Williams would risk a claim splitting issue.[8] To avoid this, the Court denies Plaintiff's motion with respect to her request to consolidate the cases as it would not achieve a judicially efficient or practical approach to this litigation but finds granting leave to amend the complaint to be a judicially efficient and practical approach, as discussed below.

### III. Motion to Amend

Plaintiff argues the Court should grant her leave to file the Consolidated Amended Class Action Complaint in *Clingerman* because Defendant cannot show any undue delay or prejudice,

---

[7] 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (3d ed. 2008) (italicization added).

[8] Claim splitting is analyzed as an aspect of res judicata and requires "the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).

and the proposed amended complaint streamlines the allegations and clarifies the perimeters of the putative class. Defendant argues Plaintiff's proposed Consolidated Amended Class Action Complaint fails to comply with D. Kan. Rule 15.1(a)(3), is futile to the newly named Defendants, and the Court should decline to exercise jurisdiction as to all Defendants under the *Younger* abstention doctrine.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within certain deadlines.[9] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[10] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires." The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[11] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[12]

---

[9] *See* Fed. R. Civ. P. 15(a)(1) ("[N]o later than: (A) 21 days after serving the pleading, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[12] *Id.* (quoting *Foman*, 371 U.S. at 182).

*A. Timeliness*

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Rule 16(b)(4) is implicated. It provides that a scheduling order "may be modified only for good cause and with the judge's consent."[13]

A court applies a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[14] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[15] To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[16] A district court's determination of whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion.[17]

Plaintiff filed her motion on June 2, 2024, nearly two weeks after the May 22, 2024, deadline. However, given the complexity of the consolidation and amendment issues raised relative to the Subject Cases, the context in which this motion for leave to amend the complaint was filed, the fact that Defendant did not object on the basis of untimeliness, and the short delay,

---

[13] Fed. R. Civ. P. 16(b)(4).

[14] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[15] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[16] *Id.* at *5.

[17] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008).

6

the Court, in its discretion, will not deny Plaintiff's motion to amend as untimely. The Court will therefore grant Plaintiff's request to amend her Complaint but with the limitations and changes noted below.

### B. Futility of Adding Defendants

The Court finds, and Plaintiff seems to concede in her reply brief, that adding the four new proposed defendants would be futile. Plaintiff seeks to add the four new defendants because "they had the power and authority to approve a procedure for determining whether an accused was competent to stand trial in Wichita Municipal Court but failed to act."[18] As Defendant argues, claims against individuals in their official capacities are duplicative to suing the entity itself.[19] Here, the proposed individual defendants are City of Wichita employees: Robert Layton, City Manager; Nathan Emory, Municipal Court Administrator; Jennifer Jones, Municipal Court Judge; and Jennifer Magana, City Attorney. Therefore, suing these individuals in their official capacities would be the equivalent of suing the City of Wichita, which is already a Defendant in this case. Therefore, the Court denies the requested amendment insofar as it seeks to add the new individual defendants in their official capacities and will require Plaintiff to alter Paragraphs 17–21 of the proposed consolidated amended complaint to remove the individual additional defendants.[20]

---

[18] ECF No. 41 at 4–5.

[19] *White v. City of Grandview Plaza*, No. 16-4162-DDC-KGS, 2017 WL 2215133, at *10 (D. Kan. May 19, 2017) ("Our court routinely dismisses official capacity claims against individuals sued in their official capacities when the government entity also is named as a defendant in the lawsuit because the official capacity claims against the individuals are duplicative.").

[20] To the extent Defendant argues the Court should deny the motion as to the City of Wichita based on *Younger* abstention, the Court declines to address the issue as it would be more appropriately resolved by the district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c).

### C. Joinder of Plaintiffs Williams and Thomas

The Court also finds that allowing Plaintiff to amend her complaint to join the Williams and Thomas Plaintiffs would not be prejudicial to Defendants, and judicial economy would best be served by doing so. Plaintiff filed this case on September 26, 2023, and the Court entered the current Scheduling Order on March 4, 2024. At the time of the initial Scheduling Conference, the Court questioned Plaintiff's counsel's rationale for filing the three actions separately (first a class action and then separate cases by individual plaintiffs). Plaintiff asked for time to retain a class action expert to explore the possibility of bringing the cases together. While at the time Defendant indicated its objection to trying the cases together, at that time, all counsel were on notice of Plaintiff's intent to explore the possibility of moving forward with one action as opposed to three.

Further, Defendant does not dispute that judicial economy would be best served by amending the Complaint to add Williams and Thomas as Plaintiffs. Defendant only argues Plaintiff has failed to comply with D. Kan. Rule 15.1(a)(3) by failing to attach a redline version of the proposed amendments to her motion and failing to set forth a concise statement of the amendment or leave sought. However, Plaintiff indicated in her Memorandum in Support and Reply brief that she did not attach a document showing a redline comparison between the Amended Complaint and the Complaint because the changes between the two were extensive. Plaintiff stated, "The main theory of the complaints remained constant, but the amended consolidated complaint reorganized the allegations significantly. As such, a redlined version would have pages of stricken through language, making it of little aid for a line-by-line comparison." The Court finds Plaintiff was justified in not attaching a redline version of the proposed amendments under the unique circumstances presented here. Further, Plaintiff does provide a concise statement of the amendment or leave sought by explaining her intent to join the plaintiffs into one action. Therefore,

8

the Court will not deny Plaintiff's motion on the basis of failure to comply with D. Kan. Rule 15.1(a)(3).

Finally, the Court must consider whether Plaintiffs Thomas and Williams may be added under Fed. R. Civ. P. Rule 20(a), which sets forth the circumstances in which Plaintiffs may be joined in one action.[21]

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.[22]

First, Plaintiffs seek to assert their right to relief for the same due process violations through a class action against the City of Wichita. Second, there is a common question of law and fact among the three Plaintiffs regarding whether Defendant violated their due process rights by allegedly convicting, sentencing, and jailing Plaintiffs despite mental defects and disorders which render them incapable of understanding the nature and consequences of the proceedings against them. Again, Defendant does not address Rule 20 or challenge the addition of these Plaintiffs. Given the liberal application of Rule 20 and that Defendant does not oppose this aspect of Plaintiffs' motion, the Court finds joinder is permitted under Rule 20(a)(1) and Plaintiff should be allowed to amend the Complaint in this case to add Plaintiffs Williams and Thomas.[23]

---

[21] *See Painter v. Midwest Health, Inc.*, No. 19-2336, 2020 WL 5016878, at *6 (D. Kan. Aug. 25, 2020) ("When a motion to amend seeks to add parties that are not required, the court must consider Rule 20.").

[22] Fed. R. Civ. P. 20(a)(1).

[23] Courts liberally construe Rule 20 "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *6 (D. Kan. Apr. 30, 2018).

Therefore, the Court grants Plaintiff's motion in regard to her request to amend her original Complaint, subject to the revisions noted above and removing "Consolidated" from the title of the Amended Class Action Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend and Supplement Complaint and Consolidate Proceedings (ECF No. 40) is **granted in part and denied in part**. Plaintiff's request to consolidate is hereby denied but Plaintiff's request for leave to file her Amended Class Action Complaint is granted in part subject to the following revisions: Paragraphs 17–21, naming the additional individual defendants, shall be deleted. Plaintiff shall file the revised Amended Class Action Complaint within five (5) days of the date of this Order.[24]

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of July 2024.

_____
Teresa J. James
U. S. Magistrate Judge

---

[24] Once Plaintiff has filed the Amended Class Action Complaint, Plaintiffs Williams and Thomas shall move to dismiss Case no. 2:23-cv-2520-JWB-TJJ, *Williams v. City of Wichita, Kansas*, and Case no. 2:24-cv-2032-JWB-TJJ, *Thomas v. City of Wichita, Kansas*, respectively. If counsel have any concerns about dismissal of these cases, the Court will address them at the Scheduling Conference.