IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS CLINGERMAN, *guardian and next of kin for* RENEE CLINGERMAN;
KRISTIN ROTH, *guardian and next of kin for* JOSHUA WILLIAMS;
TARA DAVIS, *guardian and next of kin for* MARTE A THOMAS; *individually and on behalf of all others similarly situated*,

        Plaintiffs,

v.          Case No. 23-2435-JWB

CITY OF WICHITA, KANSAS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiffs' amended class action complaint, (Doc. 63), and the court's order to show cause regarding the impact *Heck v. Humphrey*, 512 U.S. 477 (1994), may have on Plaintiffs' claim. The parties fully briefed the court's show cause order, (Docs. 75, 76, 77), and Defendant's motion to dismiss. (Docs. 63, 64, 66.) For the reasons stated herein, Plaintiffs' § 1983 claim is not cognizable under *Heck*, and to the extent that it could be, Plaintiffs failed to state a claim for which relief can be granted.

**I. Facts**

There are three named Plaintiffs in this case: Marte A. Thomas, Renee Clingerman, and Joshua Williams. Each Plaintiff suffers from mental impairments. Thomas has schizophrenia, autism, and moderate retardation. (Doc. 62 at 4.) Hence, he can be aggressive, hears voices, is paranoid, hyperactive, unstable and unpredictable, and cannot concentrate or pay attention. (*Id.* at 10.) Clingerman suffers from schizophrenia, stimulant use disorder, and is acutely psychotic. (*Id.* at 4.)

1

Williams suffered two traumatic brain injuries, and has bipolar disorder, borderline personality disorder, major depressive disorder, autism, and other unnamed psychological disorders. (*Id.* at 18.) Each Plaintiff has been charged and convicted of crimes by Defendant. Three cases charged Thomas for battery: 23CM001041, 23CM001966, and 23CM002527. (*Id.* at 10.) On August 7, 2023, in case 23CM001041, Thomas was convicted for battery, and on December 18, 2023, Thomas was again convicted for battery in cases 23CM001966 and 23CM002527. (*Id.*) Clingerman has been arrested multiple times. (*See id.* at 13–15.) Defendant officially brought two charges against her: possession of drug paraphernalia and petty theft (2022-DR-1642), (*id.* at 14), and urinating in public (2023-CM-331). (*Id.* at 15.) She pleaded guilty to the possession and petty theft charge on November 18, 2022, (*id.* at 14), and on May 16, 2023, pleaded guilty to urinating in public. (*Id.* at 15.) Williams has been charged ten times for criminal offenses: 2019 CM 531; 2019 DV 161420 CM 1079; 20 CM 2010; 20 PB 784; 21 CM 2075; 21 CM 2077; 22 CM 3456; 22 CM 3644; 22 PB 5928; and 23 CM 1265. (*Id.* at 18.) For all ten cases, he has either pleaded guilty or stood trial. (*Id.*)

Additionally, when Plaintiffs filed their amended complaint, Thomas had three pending cases against him. Based on municipal court records, the three cases have now been dismissed. *See Wichita v. Thomas*, 23CM003270 (2024) (dismissed); *Wichita v. Thomas*, 23CM003158 (2024) (dismissed); *Wichita v. Thomas*, 23CM002831 (2024) (dismissed).[1] Williams had one pending case against him when the amended complaint was filed (24CM000050).[2] That case has been dismissed as well. (*See* Doc. 64-5.)[3] Thomas and Williams had also filed motions to set aside their previous convictions. (Doc.

---

[1] Although this case is before the court on Defendant's motion to dismiss, the court may take judicial notice of public records in deciding a motion to dismiss when those records concern matters that bear directly upon the disposition of this case. *Hodgson v. Farmington City*, No 16-4120, 675 F. App'x 838, 840–41 (10th Cir. Jan. 10, 2017). Thus, the court takes judicial notice of the City's dismissal of these cases.

[2] Plaintiffs do not reference this case in the amended complaint. Rather, they brought it to the court's attention in their response briefing. (Doc. 64 at 12.) Plaintiffs do not assert Williams suffered a procedural due process violation for failing to conduct a competency hearing or evaluation in this case. Additionally, Plaintiffs notified the court in their response briefing that Williams has a pending case against him for domestic violence. (Doc. 64 at 12.) However, that charge is not relevant to the present matter. (*See id.*)

[3] The court again takes judicial notice of public records in deciding a motion to dismiss when those records concern matters that bear directly upon the disposition of this case. *Hodgson*, No 16-4120, 675 F. App'x at 840–41.

62 at 5, 11–12.) Williams' motion was denied. (*Id.* at 5.) By contrast, according to the complaint, Defendant dismissed the cases against Thomas wherein he had been convicted. (*Id.* at 11–12.) Clingerman's cases were also dismissed when Defendant received notice that she was filing this lawsuit. (*Id.* at 17.)

Plaintiffs assert that the municipal judges presiding over their cases while they were pending in municipal court were informed about their mental impairments and alerted that they may be mentally incompetent to plead guilty or stand trial. Thomas' mother and legal counsel informed the court openly that there is a bona fide doubt about Thomas' competency. (*Id.* at 11.) At Thomas' hearings and trials, his counsel purportedly shared the findings of a recent mental evaluation, which concluded that Thomas was not competent to stand trial because he could not meaningfully participate in the proceedings. (*Id.* at 10.) Clingerman's attorney also informed the municipal court that she was not competent to plead guilty or be sentenced for her convictions. (*Id.* at 16.) The judge presiding over the sentencing hearing allegedly acknowledged Clingerman's possible lack of competency and expressed a concern about it. (*Id.* at 16.) Williams' mother and attorneys also allegedly expressed concerns to the municipal court about his competency. (*Id.* at 19.)

Despite the expressed concerns about each Plaintiff's competency, the municipal courts did not hold competency hearings or evaluations. According to the amended complaint, all three either pleaded guilty or stood trial and were convicted without a competency evaluation. Plaintiffs assert that Defendant did not hold competency hearings and evaluations because prior to September 2023, it did not have a procedural framework to conduct them. (*Id.* at 7–8.) Instead, according to Plaintiffs, mentally incompetent parties in Defendant's municipal court system had to plead guilty or be found guilty and then raise a competency issue on appeal. (*Id.* at 8.) Then, according to Plaintiffs, in September 2023, Defendant adopted Rule 25 that created a framework for municipal courts to conduct

3

mental competency evaluations. *See* Wichita, Kan., Municipal Court Rule 25.[4] Nonetheless, Plaintiffs assert that after the adoption of Rule 25, municipal courts continued in their failure to conduct mental competency hearings and evaluations.[5]

Additionally, all three Plaintiffs served jail time related to their charged offenses. After Thomas and Williams were convicted, they were sentenced to jail for their crimes. (*Id.* at 12, 19.) Clingerman also served time in jail. It appears that she served time after being convicted for a crime in 2022. (*Id.* at 17.) She also served time in jail after being held in contempt of court for failing to appear for her sentencing hearing on the possession and petty theft charges. (*Id.* at 15.) She alleges to have spent 114 days in jail since June of 2022—78 of which occurred between May 16, 2023, and August 1, 2023, because of her contempt charge.[6] (*Id.* at 17.) Williams also owes $13,000 in fines and court costs stemming from his convictions. (*Id.* at 19.)

Plaintiffs bring a 42 U.S.C. § 1983 claim on the basis that Defendant violated their procedural due process rights guaranteed by the Fourteenth Amendment. Plaintiffs bring the action on their behalf and on the behalf of similarly situated individuals through a putative class action lawsuit pursuant to Fed. R. Civ. P. 23. Defendants moved to dismiss Plaintiffs' § 1983 claim.

Upon review of the Defendant's motion to dismiss Plaintiffs' complaint, the court became aware of a potential substantive limitation imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994), on Plaintiffs' ability to bring their § 1983 claim. The court issued a show cause order directing the parties to address any implications *Heck* may have on Plaintiffs' § 1983 claim. (Doc. 74.)

**II.     Standard**

---

[4] The court takes judicial notice of the City of Wichita's Municipal Court Rule 25. *See Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1504 (10th Cir. 1997) (appropriate for a court to take judicial notice of a municipal code). The rule did not publish an adoption date.
[5] The court notes that two of Thomas' convictions occurred after Defendant adopted Rule 25. He still alleges that he never received a competency evaluation.
[6] Clingerman served this jail time prior to her cases being dismissed. (Doc. 62 at 17.)

A complaint must contain enough facts to state a claim of relief that is plausible on its face to withstand a Rule 12(b)(6) motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). At the motion-to-dismiss stage, a reviewing judge accepts all well-pleaded allegations in the complaint as true. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). The reviewing judge also views all well-pleaded facts and the reasonable inferences derived therefrom in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [its] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiffs will ultimately prevail, but whether Plaintiffs are entitled to offer evidence to support their claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III.   Analysis**

    *A.  Heck v. Humphrey*

The parties submitted briefings as to whether the Supreme Court case *Heck v. Humphrey* impacted Plaintiffs' claim. In *Heck*, the court held that plaintiffs seeking damages under § 1983

> for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87.  If a favorable judgment in such action "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.  This is known as the *Heck* favorable-termination requirement.  *See Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010) (referring to holding in *Heck* as "favorable-termination requirement"). Additionally, the Court clarified in *Heck* that its holding is not an exhaustion requirement; rather failure to invalidate a conviction or sentence renders the claim not cognizable under § 1983.  *See Heck*, 512 U.S. at 487.  After reviewing the parties' *Heck* briefings, the court concludes that Plaintiffs' § 1983 competency due process claim is not cognizable.

Under *Heck* a court must first assess whether a party's § 1983 claim would imply the invalidity of a conviction; and if it does, the second step is to determine if the party has already invalidated the sentence or conviction.

Regarding step one, Plaintiffs assert they are only seeking redress for Defendant's failure to hold competency evaluations. (Doc. 77 at 9.)  According to Plaintiffs, a favorable ruling in their § 1983 action will not challenge the validity of their convictions because procedural competency claims do not require a showing of actual incompetency. (*See id.*) (citing *McGregor v. Gibson*, 248 F.3d 946, 954 (10th Cir. 2001).  However, Plaintiffs do assert in their complaint that bona fide doubts existed about their competency such that the presiding judges were constitutionally required to order competency evaluations.  Had Plaintiffs successfully pursued this alleged procedural due process violation in habeas corpus proceedings under 28 U.S.C. § 2254, their remedy would be either a retrospective competency determination, *see McGregor*, 248 F.3d at 963, or a retrial.  *Drope v. Missouri*, 420 U.S. 162, 183 (1975).  In other words, when a defendant is convicted of a crime despite a bona fide doubt about his competency, that conviction rests on

constitutionally faulty proceedings. *See Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 766 (11th Cir. 2020). Accordingly, a successful § 1983 action for failing to hold a competency evaluation "would necessarily implicate the validity of his conviction." *See id.* Thus, although Plaintiffs claim that their § 1983 action does not call their convictions into question, a judgment in their favor would demonstrate that their convictions are constitutionally infirm because the process had been poisoned by a failure to hold competency evaluations.

At step two, Plaintiffs do not argue they invalidated their convictions. Instead, they assert they should be excused from this requirement because a habeas remedy is unavailable to them since they are not currently imprisoned for the convictions at issue here. (*See* Doc. 75 at 6-7.) Moreover, Plaintiffs admit that because they missed appeal deadlines, they cannot set aside their convictions through appellate procedures pursuant to Wichita municipal court rules or Kansas state law. (*See id.* at 6–7.) Nonetheless, Plaintiffs contend that the *Heck* favorable-termination rule only applies when a claim for damages under § 1983 conflicts with a writ of habeas corpus. (*Id.* at 7.) Under Plaintiffs' reasoning, there would be no conflict here because a favorable judgment cannot serve as a de facto habeas corpus ruling since they could not be released.

For this argument, Plaintiffs rely on an exception to *Heck* adopted by the Tenth Circuit in *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010). Therein, the plaintiff attempted to invalidate his imprisonment through a 28 U.S.C. § 2241 petition. *See id.* at 1315. However, he was unexpectedly transferred out of Immigration and Customs Enforcement custody and his § 2241 claim was mooted. *See id.* The Tenth Circuit held that the petitioner's inability to obtain habeas relief, due to no fault of his own, did not foreclose his § 1983 claim. *See id.* at 1317–18. The court emphasized that Plaintiff was diligent in his pursuit of a habeas remedy when a decision out of his control rendered habeas relief moot.

7

Defendant puts forth two arguments as to why Plaintiffs should not be excused from calling their convictions into question—the first of which Plaintiffs concede and the second relates to their reliance on *Cohen*. Defendant's first argument is that each named Plaintiff failed to pursue available habeas relief. (Doc. 76 at 3.) In support, Defendant discusses why all three Plaintiffs could have pursued a habeas remedy even when they were no longer in physical custody. (*See id.* at 4–5) (citing supporting caselaw from the Tenth Circuit and Supreme Court). The second argument is that the *Cohen* exception does not apply here because Plaintiffs failed to exercise due diligence in seeking a habeas remedy. (*See id.* at 76.) Plaintiffs concede Defendant's first argument.[7] They admit there is no habeas remedy or appellate procedure available to them that could overturn or call their convictions into question. (Doc. 75 at 6–7.) Nonetheless, Plaintiffs argue that this requirement does not apply to them because of the Tenth Circuit's holding in *Cohen*. Because Plaintiffs concede that they did not seek habeas relief, the court focuses on Defendant's second argument: that the *Cohen* exception is inapplicable because Plaintiff effectively forfeited their § 1983 claims through a lack of due diligence in seeking habeas or appellate relief.

Plaintiffs broadly construe *Cohen*. They assert that the *Cohen* exception renders *Heck* inapplicable any time habeas relief is unavailable. (*See id.* at 2; *see* Doc. 77 at 4.) However, this reading shunts the facts of *Cohen* and ignores the Tenth Circuit's requirement that the inability to obtain habeas relief cannot be "due to the petitioner's own lack of diligence . . . ." 621 F.3d at 1317. In *Cohen*, the petitioner's inability to invalidate his sentence of imprisonment was not for lack of diligence—a point of emphasis by the court. *See id.* at 1317. Thus, for the *Cohen* exception to apply, it appears that the unavailability of a habeas remedy must result from an occurrence

---

[7] Whether Plaintiffs remain eligible for state or federal habeas relief—or other remedial measures that call their convictions into question—is their burden. *See Heck*, 512 U.S. at 486–87 (asserting that it is a plaintiff's burden to prove a past conviction has been reversed, expunged, declared invalid, or called into question).

8

outside of a party's control. It cannot rest upon a party's personal decision not to pursue habeas relief. That is the issue with Plaintiffs' reliance on *Cohen*.

Plaintiffs did not attempt to call into question their convictions through habeas measures or appellate review. Indeed, Plaintiffs admit to this. Their reasoning for failing to diligently pursue federal habeas relief is that it would take too long: satisfying the proper procedure in order to pursue federal habeas relief is "tantamount to choosing to sacrifice the freedom of a completed sentence for indefinite confinement." (Doc. 77 at 8.) Moreover, Plaintiffs focus solely on habeas relief, when *Heck* included other methods to invalidate a conviction or sentence. One of those methods is through the appellate process. However, Plaintiffs again failed to pursue appellate relief, and the window of opportunity for that course of action has now passed. They decided against appealing their convictions because the reviewing court may have concluded they were incompetent, resulting in confinement and treatment at Larned Mental Hospital. (Doc. 77 at 8.) Plaintiffs admit they chose not to challenge their convictions or confinement through proper procedures—a decision based on personal concerns. Whether or not Plaintiffs' concerns were warranted, they do not excuse Plaintiffs from the *Heck* favorable-termination requirement. The fact remains that Plaintiffs had the ability to follow the proper channels to question their convictions but chose not to do so on their own accord.

Therefore, the *Cohen* exception does not apply to Plaintiffs claims, and the *Heck* favorable-termination requirement renders Plaintiffs' claims not cognizable under § 1983.

### B. Procedural Due Process Claims Without a Conviction

In Plaintiffs' reply brief, (Doc. 77), to the court's show cause order concerning *Heck*, they assert that the favorable-termination requirement would not bar their procedural due process claim when there is no conviction. (*Id.* at 4.) However, they fail to identify in their reply brief which

9

named Plaintiff suffered a procedural due process violation but was not convicted. Upon review of Plaintiffs' complaint, it appears that their procedural due process claim is based on charges as to which Plaintiffs either stood trial or pleaded guilty. Hence, based on Plaintiffs' court filings, their § 1983 claim stems from alleged unconstitutional convictions.

The court notes that there were pending cases against Williams and Thomas at the time Plaintiffs filed their complaint. However, those pending cases have been dismissed, and Plaintiffs did not plead in their complaint or notify Defendant and the court that procedural due process violations existed in the pending cases that have since been dismissed.

Therefore, any attempt to raise a § 1983 claim for failing to provide competency evaluations in cases without convictions is dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

THEREFORE, Plaintiffs claim against Defendant for violating their procedural due process rights under § 1983 is DISMISSED.

IT IS SO ORDERED. Dated this 31st day of March 2025.

s/ John Broomes<br>
JOHN W. BROOMES<br>
UNITED STATES DISTRICT JUDGE